IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN ANDREW LEACH,

Plaintiff,

vs.                                              No. 09-cv-1050 BB/WDS

SKYWI, INC., ALLEN WITTERS,
DONALD M. LEVY, NATHAN POLISH,
ROBERT CHIMSKY and SCOTT CHANDLER,

Defendants.

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL**

This matter comes before the Court on Defendant Witters' Motion to Compel Plaintiff to Provide Authorizations for Release of Employment and Educational Records (Doc. No. 32). This case arises out of a breach of contract claim against Plaintiff's employer, Defendant SkyWi, Inc. Plaintiff also asserts claims against several individual defendants who were executives or directors of SkyWi, Inc. Defendant SkyWi, Inc. filed for bankruptcy, leaving only the claims against the individual defendants. Plaintiff asserts claims against Defendant Witters for negligence and defamation.

The subject of this motion is Plaintiff's objection to Defendant Witters' Request for Production No. 16, which seeks releases from Plaintiff which would allow broad discovery of all employment records of any nature going back to 2005, and the same, without time limitation, for all educational records. Plaintiff opposes the request as overbroad. Plaintiff also asserts that

Defendant's motion is untimely and was filed without a good faith attempt to confer as required by Rule 37.

Plaintiff served his objections to Request No. 16 on April 2, 2010. Defendant Witters filed this Motion to Compel on June 11, 2010. As Plaintiff points out, under Local Rule 26 a party has 20 days to file a motion to compel. A failure to do so constitutes acceptance of the asserted objection. In this case Defendant Witters waited over two months to file his motion. Defendant Witters concedes this point and argues the Court should waive what he characterizes as a "harsh" rule.

The only attempt to confer as required by Rule 37 appears to be an email sent from Defendant's counsel to Plaintiff's counsel on June 10 advising that a motion to compel would be filed if the authorizations were not executed.

Substantively, Plaintiff argues that the request is overly broad in that no effort is made to limit the records sought. Confidential information which may have no relevance to this lawsuit would have to be produced, along with any other employment or educational information.

In the Court's opinion the requests are overly broad. The Court notes that in response to an interrogatory Plaintiff has already provided educational information going back to 1987, to include classes taken, credit hours earned, and the degree earned. Further educational information could conceivably be discoverable, but by failing to meet and confer in an attempt to resolve the breadth of the authorizations as required by the rule, Defendant Witters is left with an all or nothing situation. In this case the Court finds that the authorizations are too broad, that the motion is untimely under Rule 26, and that Defendant Witters failed to properly confer before filing the motion. For all of these reasons the Court finds that the motion is not well taken.

IT IS THEREFORE ORDERED that Defendant Witters' Motion to Compel Plaintiff to Provide Authorizations for Release of Employment and Educational Records (Doc. No. 32) is denied.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE