IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN ANDREW LEACH,

      Plaintiff,

vs.                                                    No. CIV 09-1050 BDB/WDS

SKYWI, INC., ALLEN WITTERS,
DONALD M. LEVY, NATHAN POLISH,
ROBERT CHIMSKY and SCOTT CHANDLER,

      Defendants

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion and Memorandum to Extend the Stay to All Defendants filed August 26, 2010 [Doc. 45], Plaintiff's Response in Opposition to Defendants' Motion and Memorandum to Extend the Automatic Bankruptcy Stay to All Defendants filed September 14, 2010 [Doc. 48], and Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion and Memorandum to Extend the Stay to all Defendants filed October 1, 2010 [Doc. 54]. Having considered Defendants' Motion and Memorandum, Plaintiff's Response, Defendants' Reply, and the applicable law, this Court finds that Defendants' Motion is not well taken and it will be denied.

## BACKGROUND

Plaintiff is suing Defendants for breach of employment contract, negligence, and libel and slander subsequent to the termination of his employment with Defendant SkyWi, Inc. ("SkyWi") in January 2009. [Doc. 1-4]. This action is subject to an automatic stay as to SkyWi pursuant to 11 U.S.C. §362(a)(1) of the United States Bankruptcy Code because SkyWi is presently in Chapter 7 bankruptcy proceedings. [Doc. 45]. Defendants seek to extend the stay to all non-debtor Defendants

pursuant to 11 U.S.C. §362(a)(1) arguing that certain "unusual circumstances" are present that warrant extending the stay, [Doc. 45] and Defendants also seek to extend the stay pursuant to the Court's inherent power to stay proceedings. [Doc. 45, 54]. Plaintiff argues that only the bankruptcy court where SkyWi's bankruptcy action is pending may extend the automatic stay to SkyWi's solvent co-defendants; however, even if that were not the case, no unusual circumstances exist in this case to warrant an extension. Plaintiff also contends that this Court should not exercise its inherent power to stay the proceedings. [Doc. 48].

## DISCUSSION

**1. Defendant's Request to Extend the Stay to All Non-Debtor Defendants Pursuant to 11 U.S.C. §362(a)(1).**

<u>Applicable Law</u>

11 U.S.C. § 362(a)(1) provides that a bankruptcy petition operates as a stay of "the commencement or continuation ... of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). Therefore, by its plain language, §362(a)(1) stays actions only against "the debtor."

The Tenth Circuit follows the general rule that the above stay provision does not extend to solvent co-defendants of the debtor. *Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994) (citations omitted). However, the Tenth Circuit has recognized that "[A] narrow exception allows a stay to be imposed under section 362(a)(1) against a nonbankrupt party in "unusual situations" as "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the

debtor." *Id*. (citing *A. H. Robins Co. v. Piccinin,* 788 F.2d 994, 999 (4th Cir.1986)).

Courts have identified the following "unusual circumstances" that, depending on the facts of the case, could justify extending the stay to non-debtor defendants:

1. Issues between debtor and non-debtor and opposing party were intimately intertwined.
2. Such identity of the parties as would make the debtor the real party in interest.
3. Possibility that liability established against the non-debtor would be imputed to the debtor.
4. Existence of an indemnity provision between non-debtor and debtor.
5. Possibility of inconsistent results if both cases were allowed to proceed on parallel tracks.
6. Considerations of judicial economy.

*In re Friedman's, Inc.,* 336 B.R. 896, 897-898 (S.D. Ga. 2005).

## Analysis

A. Does the Authority to Extend the Stay to Non-Debtor Defendants Reside Solely with the Bankruptcy Court.

Plaintiff contends that Defendants' Motion for a Stay must be denied because only the bankruptcy court where SkyWi's bankruptcy action is pending may extend the automatic stay of 11 U.S.C. §362(a)(1). Plaintiff relies primarily on *Fisher Sand & Gravel Co. v. Western Surety Co.,* 2009 WL 4099768 (D.N.M.) to support his contention. This Court does not agree with Plaintiff that the *Fisher* court specifically found that only a bankruptcy court can extend the automatic stay of §362(a)(1). Rather the court determined that the extension of a stay to a non-debtor defendant was not automatic but rather required an order specifically extending the stay. *Id.* at *4-6. Such an order had not been requested in the bankruptcy proceedings. The Court, therefore, found that because the bankruptcy court did not expressly extend the automatic stay, the stay did not toll the running of the limitation period as to the co-defendants. *Id.* at *6.

Certain federal district courts have decided whether or not the stay under §362(a)(1) should

be extended to co-defendants, *e.g., Gulfmark Offshore, Inc., v. Bender Shipbuilding & Repair Co., Inc.,* 2009 WL 2413664 (S.D. Ala.), and others have declined to extend the stay reasoning that the bankruptcy court is the proper court to make such a decision, *e.g., Hamilton v. American Corrective Counseling Services, Inc.,* 2009 WL 973447 at *3 (N.D.Ind.). The Tenth Circuit is silent on this issue, and this Court has found no other Circuit Court that has specifically held that only a bankruptcy court can extend the stay of §362(a)(1).

This Court believes that the issue of whether or not to extend the automatic stay is best left to the bankruptcy court because it is in a better position to assess the impact of litigation against a solvent co-defendant and to decide whether an extension of the stay to such defendants will advance the purposes of §362 by protecting the debtor and the bankruptcy estate. *See generally Fisher Sand & Gravel,* 2009 WL 40099768 at *7. However, this Court declines to specifically find that only a bankruptcy court can extend the stay or to specifically find that a federal district court has the authority to do so.[1] This Court notes, however, that it does not believe that this case fits within the narrow exception to the general rule that the stay is only for the Debtor. The Court sees no unusual circumstances in this case to warrant extending the stay. As discussed below, Plaintiff's claims asserted against the individual defendants are separate and independent from the claims asserted against SkyWi such that the issues between all parties are not intimately intertwined nor is there

---

[1] In their Reply brief, Defendants claim that they "rightfully filed" their motion for stay in this Court because during a telephonic status conference, the undersigned Magistrate Judge recommended that they file their motion before the Court and that the clerk's minutes state that "the individual defendants may file motions to stay related to the corporate bankruptcy." [Doc. 42]. During the status conference, Defendants informed the Court that they might want to file a motion for a stay with no specificity provided as to whether it was pursuant to the automatic stay or pursuant to the court's inherent powers, and this Court informed them to file their motion. Nothing in this Memorandum Opinion and Order precludes the non-debtor defendants from filing a motion to extend the stay in the appropriate bankruptcy court.

such an identity of the parties as would make the debtor the real party of interest. *See Oklahoma Federated Gold and Numismatics, Inc.,* 24 F.3d at 142 (where the Tenth Circuit held that the non-debtor defendant did not fit into the narrow exception to the general rule that the stay provision does not extend to solvent co-defendants because Plaintiff's claims against the non-debtor defendant were separate and independent from the claims asserted against the Debtor). Furthermore, as also discussed below, Plaintiff is suing the co-defendants in their individual capacity as well as their official capacity so that there is no identity of the parties as would make the debtor the real party in interest or that any liability established against the non-debtor would be necessarily imputed to the debtor.[2]

The Court's reading of Plaintiff's complaint shows that Plaintiff's sole claim against SkyWi, is for breach of contract by its wrongful termination of Plaintiff and by its failure to follow contractual provisions regarding termination procedures. [Doc. 1-6, p. 5]. Plaintiff is suing the individual defendants in their official capacity for negligence and for breach of their duty to act in good faith. [*Id.* at pp. 3-4]. Plaintiff is also suing these defendants in their individual capacity for negligently adopting and ratifying "false allegations of cause against the Plaintiff, without reasonable, independent inquiry or judgment, without a proper purpose, contrary to the interests of the corporation and its shareholders, and contrary to [the Plaintiff]." [*Id.* at pp. 3-4]. Plaintiff is suing Defendant Witters in his individual capacity for acting in self-interest, contrary to his duties as a Director. [*Id.* at p. 4]. Finally, Plaintiff is suing the co-defendants for libel and slander. [*Id.* at p. 5]. Because the claims against the co-defendants are separate and independent from the claims

---

[2]Defendants claim that Plaintiff is suing the individual defendants only in their official capacity; however, this Court's reading of the Complaint is otherwise.

against SkyWi, this Court sees no unusual circumstances exist to warrant extending the stay.[3]

## 2. Defendant's Request to Stay the Proceedings Pursuant to the Court's Inherent Power to Do So.

Applicable Law

The power to stay proceedings is incidental to the court's inherent power to control the disposition of the cases on its docket. *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963). The court may exercise the power to stay proceedings to provide economy of time and effort for the court itself and for counsel and litigants appearing before the court. *Landis v. North American Co.,* 299 U.S. 248, 255 (1936).[4] Although the court has the power to stay its proceedings, the exercise of that power is the exception, not the rule. *Colorado River Conservation District v. United States,* 424 U.S. 800, 813 (1976). The United States Supreme Court requires that "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. North American Co.,* 299 U.S. at 255. The decision of whether to stay an action rests in the sound discretion of the district court. *State Farm Mutual Auto. Ins. Co. V. Scholes,* 601 F.2d 1151, 1154 (10th Cir. 1979).

---

[3]Neither does the Court see that any of the other possible unusual circumstances are met. Citing *Gulfmark Offshore, Inc., supra*, Defendants contend that because an indemnity agreement exists between SkyWi and the other Defendants, this Court should extend the stay. [Doc. 45]. However, by Defendants own admission, there is insurance coverage for the co-defendants. The fact that the defense is currently being provided under a reservation of rights is insufficient to find a circumstance so unusual as to justify the extension of the stay. Defendants also claim that judicial economy would be served by staying the proceeding. This issue is discussed, *infra.*

[4]In their Reply, Defendants appear to present essentially the same arguments for staying the proceedings under the Court's inherent power as they presented under extending the stay pursuant to §362(a)(1). This Court has considered these arguments only to the extent they are in accord with the appropriate law as set forth *supra.*

<u>Analysis</u>

This Court finds no reason to stay these proceedings under its inherent power to do so. The claims against the parties are separate and independent and delaying these proceedings would not serve economy of time and effort sufficient to warrant a stay. Defendants have not shown good cause for a stay or why the stay would be reasonable under these circumstances, and, accordingly, Defendants' motion will be denied.

## CONCLUSION

For the foregoing reasons, this Courts finds that Defendants' Motion to Extend The Stay to All Defendants is hereby denied.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**