IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN ANDREW LEACH,

Plaintiff,

vs.                                                                 No. 09-cv-1050 BB/WDS

SKYWI, INC., ALLEN WITTERS,
DONALD M. LEVY, NATHAN POLISH,
ROBERT CHIMSKY and SCOTT CHANDLER,

Defendants.

**ORDER DENYING MOTION TO COMPEL DISCOVERY**

      This matter comes before the Court on Defendant Polish's Motion to Compel Discovery (Doc. No. 56). Like Defendant Witters' motion to compel (Doc. No. 32) previously ruled upon by this Court, this Defendant requests broad releases from Plaintiff concerning both his past employment records and educational records. Defendant Polish also seeks in Interrogatories 1 and 2 Plaintiff's understanding of the purpose and intent of his employment agreement with Defendant Skywi, Inc. and his understanding of his responsibilities under the agreement should he voluntary terminate it. Plaintiff objected to the releases on the basis that they were too broad and invasive. Plaintiff objected to the interrogatories on the basis that they were vague and that it was unclear what was being requested. Notwithstanding the objections Plaintiff responded to both interrogatories stating that the agreement spoke for itself and was clear as to the steps to be taken upon termination. Despite a failure to meaningfully confer, this motion followed.

      The Court agrees with the Plaintiff with respect to Interrogatories 1 and 2. Plaintiff, despite his objections, stated that the agreement spoke for itself. While the Court has no problem with contention interrogatories, these interrogatories as written were unclear. If Plaintiff believed the agreement was unambiguous and spoke for itself, what other information

was expected? If Defendant wants to further explore specific passages it can be done at a deposition. Plaintiff should not have to speculate as to what is being asked in an interrogatory. The failure to meaningfully confer before filing this motion leaves the issue unclear and the answers given are therefore sufficient.

The requests for employment and educational releases are, contrary to Defendant Polish's representations, equally as broad as the releases sought by Defendant Witters. The release for educational records asks any institution which has any information concerning Plaintiff's educational history to release or disclose any information about his education or training. The release further states with respect to the information " . . . including, but not limited to . . ." and then recites a litany of possible records. In the Court's opinion this could include medical records, psychological records and a myriad of other private information with no relevance to this case. The employment release suffers from the same overbreadth. Like Defendant Witters' motion, it is an all or nothing proposition. The Court finds that the releases are overbroad and invasive of Plaintiff's privacy.

The Court finds that the motion is not well taken.

IT IS THEREFORE ORDERED that Defendant Polish's Motion to Compel Discovery (Doc. No. 56) is denied.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE