IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOHN ANDREW LEACH**,

    Plaintiff,

    v.                                                                                               Civ. No. 09-1050 BDB/WDS

**SKYWI, INC., ALLEN
WITTERS, DONALD M. LEVY,
NATHAN POLISH, ROBERT
CHIMSKY and SCOTT
CHANDLER,**

    Defendants.

**MEMORANDUM OPINION**

This matter comes before the Court on Defendants Levy, Polish, and Chandler's Motion for Summary Judgment (Doc. 76) and Defendant Allen Witters' Motion for Summary Judgment (Doc. 78). The Court also considers Plaintiff's motions to strike portions of Levy, Polish, Chandler, and Witters' affidavits in support of summary judgment (Doc. 94 and Doc. 95). Defendant Chimsky has been dismissed as a Defendant and is not a party to this suit. Defendant SkyWi has filed for bankruptcy, and all proceedings involving SkyWi are currently stayed. *See* Doc. 37. Having reviewed the submissions of the parties and the relevant law, the Court finds that Defendants' motions should be *GRANTED,* and Plaintiff's motions should be *DENIED*.

**Summary of Relevant Facts**

This suit arises from termination of Plaintiff's employment with Defendant SkyWi, Inc. Doc. 89, p.2. Plaintiff began working for Defendant SkyWi, Inc. in September 2008 as Chief Operating Officer and had a written contract of employment. *Id*. Defendants Levy, Chandler, Polish, and Witters ("Defendants") were each officers of SkyWi and sat on the board of directors for the corporation. *Id*. SkyWi was facing major economic difficulties when Plaintiff was hired. Doc. 78, p. 3.

Problems between Plaintiff and other SkyWi employees began almost immediately. Within just two months, December 2008, the board of directors opted to demote Plaintiff to President. *Id*. at p. 7. Shortly thereafter, January 7, 2009, Defendant Witters asked Plaintiff for his resignation. *Id*. When Plaintiff refused to resign, he was terminated. *Id*. Pursuant to the terms of Plaintiff's employment contract, Defendant Witters then gave Plaintiff written notice of termination including the list of reasons for his termination. *Id*. That list of reasons was also distributed to other board members, officers, and agents. Doc. 97, p. 11.

Defendant Witters gave Plaintiff notice of the board hearing during which his termination would be discussed. Doc. 78, p. 12. The hearing was held January 22, 2009; Plaintiff was present, represented by counsel, and given an opportunity to question Defendant Witters about the reasons for his termination. *Id*. After considering all of the reasons for Plaintiff's termination and Plaintiff's responses to those issues, the board of directors upheld its decision to terminate Plaintiff. *Id*.

Subsequent to his termination, Plaintiff filed suit in state court alleging contract violations, negligence, and defamation. Doc. 1-6. Defendants removed the case to this Court. Doc 1.

## Jurisdiction

The Court has jurisdiction over this suit pursuant to 42 U.S.C. § 1332 ("diversity jurisdiction"). According to his Complaint, at all material times Plaintiff was a resident of New Mexico. Doc. 1-6, p. 1. However, Plaintiff did not establish residency in New Mexico when he began working for SkyWi nor at any subsequent time. At all times during his employment with SkyWi, he remained a resident of Delaware. He did not open a bank account in New Mexico, did not register his car in New Mexico, and he returned to Delaware to vote in the 2008 election. As of the first week of September, 2009, Plaintiff became a resident of the State of Texas and acknowledged that he had never established residency in New Mexico. Doc. 1-3, pp. 2 and 4**.**

Thus, there is complete diversity among the parties. No one disputes that the amount in controversy exceeds $75,000. The requirements for diversity jurisdiction are met in this case.

## Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Medina v. Income Support Div.*, 413 F.3d 1131, 1133 (10th Cir. 2005) (quoting Fed. R. Civ. P. 56(c)). In response, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co.* v. *Zenith*, 475 U.S. 574, 587-88 (1986). To avoid summary judgment, the nonmoving party may not rest upon the mere allegations in the pleadings but must show, at a minimum, an inference of the existence of each essential element of the case. *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1016-17 (10th Cir. 2001) (citing *Hulsey v. K-Mart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). When viewing the evidence, the Court must draw reasonable inferences in favor of the non-moving party. *Matsushita*, 475 U.S. at 587.

## Discussion

I.   **Negligence claims against Defendants Levy, Polish, Chandler, and Witters**

   A. Capacity

Plaintiff alleges that Defendants Levy, Polish, Chandler, and Witters each committed the tort of negligence against him. In his reply to Defendants' memoranda in support of their motions to dismiss, Plaintiff states, for the first time in this litigation, that Defendants are liable both in their individual capacities and in their official capacities as officers of SkyWi corporation. Doc. 89, p. 1. Defendants, however, assert that Plaintiff only sued them in their official capacities. Indeed, Plaintiff's complaint only alleges claims against Defendants "in their capacity as Directors." Doc. 1-6, p. 4.

The Court need not decide whether Plaintiff is suing Defendants in their individual capacities, for they owe no duty of care to Plaintiff as individuals. "To impose a duty, a relationship must exist that legally obligates a defendant to protect a plaintiff's interest, and in the absence of such a relationship, there exists no general duty to protect others from harm." *Estate of Eric S. Haar v. Ulwelling*, 154 P.3d 67, 70 (N.M.App. 2007) (internal quotations omitted). Plaintiff has failed to show what, if any, duty Defendants as individuals would have had to protect his interests. Rather, he has made multiple claims that Defendants violated their duty to him as officers of Defendant SkyWi corporation. *See*, *e.g*., Doc. 89, p. 3 (outlining claims against Defendants). Even where Plaintiff writes that he is suing Defendants "in their individual capacity" for an act, he then lists an act that falls squarely within Defendants' role as directors of a corporation. If Plaintiff has claims against Defendants in their individual capacities, he has not plead them here–either expressly or obliquely. Therefore, the Court will consider Plaintiff's claims against Defendants to be alleging liability in their official capacity as officers.

B. Duty of Care

Plaintiff alleges that Defendants owe him a duty of care "arising from three separate sources: contract, statute and general tort law." Doc. 89, p. 1. In regard to the contractual duty of care, Plaintiff argues that Defendants "owed a duty to Plaintiff from the role they agreed to perform in acting as the tribunal [for employment hearings]." Doc. 89, pp. 1-2. Specifically, he alleges that Defendants, acting as the tribunal, "were obligated to follow proper procedures as the tribunal, to afford a fair hearing and to make a good faith determination after a reasonable evaluation as to whether cause [to terminate Plaintiff] existed." *Id*., p. 2.

Plaintiff did not have a contractual agreement with Defendants; rather, he had a contract with Defendant SkyWi, which is not a party to this action. *See* Doc. 1-6, p. 5 (Plaintiff's complaint alleges contractual violations only against SkyWi); Doc. 78, p. 2. Corporate officers and directors are not ordinarily liable for the contract violations of their corporation or business.

*See U.S. v. Van Diviner*, 822 F.2d 960, 963 (10th Cir. 1987); *Barnes v. Sadler Associates, Inc.*, 622 P.2d 239, 240 (N.M. 1981) (holding that "it is well established that an agent acting within his authority for a disclosed principal is not personally liable unless he was expressly made a party to the contract or unless he conducts himself in such a manner as to indicate an intent to be bound"). Plaintiff has not provided any evidence that Defendant officers were individually party to his employment contract with Defendant SkyWi. Therefore, Defendants Levy, Chandler, Polish, and Witters never owed Plaintiff a contractual duty of care as officers of SkyWi. *See id.* Plaintiff's claims of negligence arising from contractual violations fail as a matter of law against Defendants Levy, Chandler, Polish and Witters.

For the statutory duty of care, Plaintiff cites NMSA 1978 § 53-11-35(B) as the source of the duty Defendants owed him. Doc. 89, p. 2. That statute provides in relevant part:

> A director shall perform his duties as a director, including his duties as a member of any committee of the board upon which the director may serve, in good faith, in a manner the director believes to be in or not opposed to the best interests of the corporation, and with such care as an ordinarily prudent person would use under similar circumstances in a like position. In performing such duties, a director shall be entitled to rely on factual information, opinions, reports or statements, including financial statements and other financial data, in each case prepared or presented by:
>
> (1) one or more officers or employees of the corporation whom the director reasonably believes to be reliable and competent in the matters presented;
>
> (2) counsel, public accountants or other persons as to matters which the director reasonably believes to be within such person's professional or expert competence.

Plaintiff alleges that Defendants breached this duty by failing to act in good faith, and by acting contrary to the interests of the corporation when they adopted and ratified allegedly false allegations against Plaintiff. Doc. 89 p. 2. Plaintiff also alleges that Defendant Witters acted in his own self-interest. *Id*.

Plaintiff, however, misconstrues the fiduciary duty established in NMSA 1978 § 53-11-35(B). That statute establishes a duty of care on the part of the directors to the corporation–*not* to individual employees. Since the statute establishes a duty of care between directors and the corporation it cannot be read to create an additional duty of care for employees, for the two duties would be conflicting. "Directors cannot act as fiduciaries in their relationship with employees and at the same time discharge their fiduciary duties to the corporation of which they are directors." *Berman v. Physical Medicine Associates, Ltd.*, 225 F.3d 429, 433 (4th Cir. 2000). In New Mexico, "[c]oncern for the integrity of the employment relationship has led courts to establish a rule that demands of a corporate officer or employee an undivided and unselfish loyalty to the corporation." *Las Luminarias of the New Mexico Council of the Blind v. Isengard*, 587 P.2d 444, 449 (N.M.App. 1978). Therefore, NMSA 1978 § 53-11-35(B) cannot serve as the basis for Plaintiff's cause of action in this suit, for it does not establish a duty of care on the part of the directors for employees.

Finally, the Court notes that New Mexico tort law does not provide a means of relief to Plaintiff. Contrary to Plaintiff's allegations, "no non-contractual duty to investigate allegations before discharging an employee has been recognized in New Mexico." *Hollars v. Southern Pacific Transportation Company*, 792 P.2d 1146, 1156 (N.M.App. 1990) (Hartz, J., dissenting). Any duty that the Defendants had to investigate the allegations against Plaintiff arose "from the contract between the parties, not from the general concepts of duty embodied in tort law." *Kennedy v. Enterprise Leasing Co. West*, 1998 WL 1674699 at *5 (D.N.M. 1998) (unreported case). And, the Tenth Circuit has specifically noted that "the majority of jurisdictions which have considered whether to impose liability for negligence in the context of employment terminations have declined to do so." *Vice v. Conoco, Inc.*, 150 F.3d 1286, 1292 (10th Cir.1998).

Plaintiff has not provided any legal basis for diverging from the courts' strong disfavor of negligence claims in the context of employment termination. "All of the acts of which Plaintiff

complains . . . are ordinary employment decisions to which negligence principles ordinarily do not apply." *Gioia v. Pinkerton's Inc.*, 194 F.Supp.2d 1207, 1227 (D.N.M. 2002). There is simply no statutory or common-law basis for negligence liability in this case. Plaintiff's common-law negligence claims against Defendants Levy, Chandler, Polish and Witters fail as a matter of law.

## II.     Defamation claim against Defendant Witters

In his complaint, Plaintiff alleged that Defendant Witters "stated false statements about Plaintiff, in writing and verbally." Doc. 1-6, p. 5. Although Plaintiff does not explicitly note which statements are the basis for his defamation claim, the moving papers of both parties indicate that Plaintiff's defamation claim arises from the list of reasons for terminating Plaintiff for cause that Defendant Witters circulated to other board members and officers. Doc. 78, p. 21; Doc. 78-1, p. 6.

"Under New Mexico law, the elements of defamation include (1) a publication by the defendant, (2) of an asserted fact, (3) which is defamatory, (4) communicated to a third person, (5) of and concerning the plaintiff, (6) and proximately causing injury to the plaintiff." *Schwartz v. American College of Emergency Physicians*, 215 F.3d 1140, 1144 (10th Cir. 2000). "Defamatory communications are those which tend to expose a person to contempt, to harm the person's reputation, or to discourage others from associating or dealing with him." *Cory v. Allstate Ins.*, 583 F.3d 1240, 1243 (10th Cir. 2009) (internal quotations omitted). Plaintiff has alleged facts to support each of the six required elements for a defamation claim.

Defendant Witters argues that the allegedly defamatory statements, i.e., the list of reasons for terminating Plaintiff for cause, are protected by a qualified privilege. Doc. 78, p. 24. Under New Mexico law, "an employer is qualifiedly or conditionally privileged to make statements about an employee if for a proper purpose and to one having a legitimate interest in the subject matter of the statements." *Zuniga v. Sears, Roebuck & Co.*, 671 P.2d 662, 665 (N.M.App. 1983); *accord*, *Hagebak v. Stone*, 61 P.3d 201, 208 (N.M.App. 2002). In this case, Defendant Witters

distributed the list of statements only to SkyWi officers, executives, and agents[1]–all of whom ostensibly had a legitimate interest in the matter. Doc. 97, p. 11-12. He distributed the list in preparation for Plaintiff's termination hearing before the board, which is a proper business purpose.

The privilege may only be employed, though, when it is not abused. "An abuse of the privilege occurs if the publisher lacks belief or reasonable grounds for belief in the truth of the alleged defamatory statement." *Zuniga*, 671 P.2d at 666 (citing *Bookout v. Griffin*, 639 P.2d 1190 (1982)). Plaintiff argues that Defendant Witters "knew his statements were false or unfounded," but he provided no evidence to support that argument. Doc. 90, p. 25. As an example, he asserts that there is no basis for concern that Kim Curry, his former employee, felt sexually harassed when he made an off-color comment to her in the office. Doc. 90, p. 26. However, the question before the Court is not whether his statements to Ms. Curry constituted sexual harassment; rather, the Court only inquires here as to whether it was *reasonable* for Mr. Witters to believe the comment *could be perceived as harassment*. The record contains statements and e-mails from multiple individuals, including Ms. Curry, that indicate that they believed Plaintiff's remark was or could be perceived as sexual harassment. Doc. 78-2, p. 4; Doc. 78-2, pp. 8-9. Plaintiff does not deny that he made the remark in question. Thus, it is undisputed that Mr. Witters had a reasonable basis for believing Plaintiff's comment to Ms. Curry could be construed as sexual harassment–and therefore one ground for termination.

As discussed above, Plaintiff may not rest on his pleadings and must come forward with specific facts to support his allegations in order to avoid dismissal on summary judgment. *Eck*, 256 F.3d at 1016-17. He has not done so here. Rather than providing specific evidence that

---

[1] Defendant Witters e-mailed the list to Don Levy (board member), Les Matthews (board observer), Michelle Hallsten (counsel), Moritz Schlenzig (major fund representative), Nate Polish (board member), Rob Chimsky (board member), and Scott Chandler (board member). Doc. 97, p. 12; Doc. 78-2, p. 16 (the e-mail and its recipients).

showed, or at least implied, that there exists a material question of fact whether Defendant Witters abused his privilege in disseminating the list, Plaintiff gives no more than his own opinion on Defendant Witters' proffered evidence.  Thus, the Court finds that Defendant Witters' list of reasons to terminate Plaintiff for cause is protected by qualified privilege.  Plaintiff's defamation claim against Defendant Witters does not survive summary judgment.

### III.    Motion to Strike Portions of Defendants' Affidavits

Plaintiff also filed motions to strike portions of Defendants' affidavits and answers to interrogatories (Doc. 94 and Doc. 95).  Specifically, Plaintiff seeks to remove statements he alleges are not based on Defendants' personal knowledge and are not admissible in court pursuant to the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

Plaintiff correctly notes that an affidavit opposing summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e)(1).  However, "at the summary judgment stage, evidence need not be submitted 'in a form that would be admissible at trial.'" *Argo v. Blue Cross and Blue Shield of Kansas, Inc*., 452 F.3d 1193, 1199 (10th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  For example, "parties may. . . submit affidavits in support of summary judgment, despite the fact that affidavits are often inadmissible at trial as hearsay, on the theory that the evidence may ultimately be presented at trial in an admissible form." *Id*. (citing *Bryant v. Farmers Ins. Exch*., 432 F.3d 1114, 1122 (10th Cir.2005)). "Nonetheless, 'the content or substance of the evidence must be admissible.'" *Id.* (quoting *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 485 (10th Cir.1995)).

Plaintiff seeks to strike the portions of the affidavits and answers to interrogatories because the affiants lack personal knowledge, and the statements are either irrelevant or contain hearsay.  However, Plaintiff fails to explain why the affiants, in his opinion, lack personal knowledge about their *own* impressions, opinions, and beliefs.  Also, he fails to explain why

9

statements regarding his employment are irrelevant to his employment termination suit. The documents he challenged exclusively discuss Plaintiff as an employee and Plaintiff's termination; there is no question but that such information is relevant in this case.

Contrary to Plaintiff's assertion, each of the challenged documents complies with Fed. R. Civ. P. 56(e)(1). Even though some passages contained hearsay and other statements that might not be admissible at trial, the Court has not considered the hearsay and other non-admissible evidence in ruling on these motions.

## Conclusion

Pursuant to the foregoing, the Defendants' motions for summary judgment will be *GRANTED*. Plaintiff's motions to strike will be *DENIED*.

Dated this 29th day of March, 2011.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE